UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 12-6948 PJW<br><br>MEMORANDUM OPINION AND ORDER |

I.

INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when she relied on the vocational expert's testimony to conclude that he could perform the jobs of machine feeder, cleaner, and filler. For the reasons discussed below, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings.

## II.

## SUMMARY OF PROCEEDINGS

In June 2009, Plaintiff applied for SSI benefits, alleging that he was disabled due to anxiety attacks and paranoia. (Administrative Record ("AR") 134-40.) His application was initially denied and he then requested and was granted a hearing before an ALJ. (AR 79-86.) On December 17, 2010, Plaintiff appeared with counsel at the hearing. (AR 51-74.) On February 3, 2011, the ALJ issued a decision denying benefits. (AR 28-37.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-6.) This action followed.

## III

## ANALYSIS

The ALJ determined that Plaintiff was restricted from jobs requiring reading and writing. (AR 33.) The vocational expert testified that, despite this limitation, Plaintiff could perform the jobs of machine feeder, cleaner, and filler. (AR 73.) The ALJ adopted this testimony. (AR 37.) According to the Dictionary of Occupational Titles ("DOT"), however, all three jobs require the ability to read and write. (DOT Nos. 699.686-010, 919.687-014, and 529.687-010.) The ALJ never asked the vocational expert about this conflict. Plaintiff contends that her failure to do so amounts to reversible error. For the following reasons, the Court agrees.

Where, as here, a claimant has not worked before, the burden is on the Agency to show that he can perform work that exists in the national economy. *Bray v. Astrue*, 554 F.3d 1219, 1223 (9th Cir. 2009). To meet this burden, the Agency can rely on the testimony of a vocational expert. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). If the ALJ relies on a vocational expert, however, she is

required to insure that the vocational expert's testimony is consistent with the Dictionary of Occupational Titles ("DOT") by asking the vocational expert if there is a conflict. See Social Security Ruling ("SSR") 00-4p; see also Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th Cir. 2007). Where there is a conflict, the ALJ may not rely on the vocational expert's testimony unless the vocational expert provides a reasonable explanation for the conflict. SSR 00-4p; Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

The vocational expert's testimony that Plaintiff could perform the jobs of machine feeder, cleaner, and filler is in conflict with Plaintiff's limitation to jobs that do not require reading and writing. The ALJ's failure to inquire about this conflict was error, which the Court cannot conclude is harmless. See, e.g., Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2005) (explaining harmless error is one that is inconsequential to ultimate nondisability determination). As such, reversal and remand is warranted.

The Agency disagrees. It points out that the ALJ found Plaintiff's testimony to be incredible and noted that Plaintiff had passed a written driving test. It argues, it seems, that the ALJ really concluded (or should have concluded) that Plaintiff could read and write, and that that finding is supported by the record. It argues further that, as a result, the Court should overlook the apparent discrepancy between the ALJ's finding that Plaintiff could not work at a job requiring reading and writing and the vocational expert's testimony that he could.

Had the ALJ determined that Plaintiff could read and write, the Court would not have questioned that finding based on this record.

3

But that is not what she found. And the Court may not rely on the Agency's argument that she could have made such a finding to affirm the ALJ's decision. *See Bray,* 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ--not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). For these reasons, the matter is remanded to the Agency for further consideration.[1]

IT IS SO ORDERED.

DATED: August 30, 2013.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\JONES, 6948\memo opinion and order.wpd

---

[1] The Court has considered Plaintiff's request that the case be remanded for an award of benefits. This request is denied because it is not clear from this record that Plaintiff is disabled and/or entitled to benefits.